## No. 794.

### DOMINIQUE LALANNE *v.* D. L. GOODBEE et al. A. H. CHALMERS, Intervenor.

'The fact that the limit to which supplies might have been required according to contract, was not reached, does not amount to a violation of, or a refusal to comply with the contract, where there is no evidence that the plaintiff was called on and refused to furnish more than is claimed by him in his suit.

Laborers have their privilege independent of and distinct from that of the furnisher of supplies, and each privilege attaches as against the owner of the crop produced.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *King*, J. *John J. Morgan*, for plaintiff and appellant. *Lewis & Brother*, for defendants and intervenor, appellees.

HOWELL, J. This is a sequestration suit on an account for supplies furnished to the defendants to make a crop under a written contract, and for a privilege on the said crop and certain movables. The defense admits the contract, but alleges its violation on the part of plaintiff in not furnishing the whole amount agreed on ; denies that there was any cause for the issuance of the writ of sequestration, and sets up a claim for damages in reconvention for an illegal seizure. A. H. Chalmers, intervenes, claiming to be the owner of a part of the

31

sugar cane sequestered and damages for its seizure and loss. Judg--
ment was rendered dismissing plaintiff's suit as of non-suit, and con--
demning him to pay damages respectively to the defendants and in--
tervenor, from which plaintiff has appealed.

The correctness of the account sued on, and a valid ground for the
writ of sequestration, are, in our opinion, satisfactorily established.
The fact that the limit, to which supplies might have been required,.
was not reached, does not amount to a violation of, or refusal to-
comply with the contract. Plaintiff bound himself to furnish supplies
to a certain amount to enable defendants to make a crop of cotton,.
corn and cane, and he appears to have furnished all that were de-
manded. There is no evidence that he was called on and refused more
than is claimed in this suit, and we think the circumstances sworn to,
by plaintiff and proven on the trial warranted him in bringing suit at
the time and causing the writ of sequestration to issue in order to.
secure his privilege. The judgment therefore in favor of the defend--
ants, was erroneous.

The only difficulty in the case is presented by the intervention ;.
but a careful examination of the pleadings and evidence leads us to
the conclusion that the intervenor is the owner of that portion of
the sugar cane which was in a windrow at the time of the seizure. He
swears positively, and he is corroborated by a disinterested witness,.
that the said cane was raised on his land, not rented to the defendants,
who were for their labor in its cultivation to receive one-half in kind,
but that before the seizure they had commuted the compensation, and
the intervenor had allowed them, the defendants, one hundred and
fifty dollars, for which he gave them credit on their rent. This cane·
being on his land, distinct from that portion rented to the defendants,
must be considered in his possession and not liable to seizure for the
debt of the defendants due to plaintiff for supplies. We understand·
the contract between plaintiff and defendants, in connection with the
evidence, to relate to the crops raised by the latter in their own right·
and for themselves, and not to that which they cultivated as laborers
for the intervenors. The privilege is granted against the owner of the
crop, and not those who are employed to cultivate it. The laborers
have their privilege independent of, and distinct from that of the fur--
nisher of supplies, and each privilege attaches as against the owner of
the crop produced. The portion of cane under consideration is shown
to have belonged to the intervenor at the time of the seizure and
before, and of course the privilege operating against the defendants·
did not attach to it. The amount, however, allowed to the intervenor,
as the value of the cane, which is shown to have been totally lost to·
him in consequence of this seizure, is excessive. He had about five .
acres, and it appears that these five acres would have planted about.

twenty acres, and that he was offered fifteen dollars per acre for every acre which his cane would plant. This makes the cane worth at most, three hundred dollars, and in our opinion, a fee of fifty dollars is ample for legal services in recovering his rights in this action.

The defendants are liable jointly, that is, Duncan L. Goodbee for one-half, and the widow and heirs of David Goodbee, jointly, for the other half.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the plaintiff have judgment against the defendants for eleven hundred dollars and seventeen cents—against said Duncan L. Goodbee for his half thereof; against Mrs. Justin Goodbee, widow of David Goodbee, deceased, for one-fourth thereof, and against the minor heirs of said David Goodbee, deceased, for the remaining fourth thereof, with privilege on and the right to sell the property sequestered herein, except that portion of the sugar cane in windrow at the time of seizure, and claimed by the intervenor, and with costs of suit and sequestration in the lower court. And it is further ordered that the intervention of A. H. Chalmers be sustained, and that he recover of plaintiff the sum of three hundred and fifty dollars and costs of intervention in the lower court, costs of appeal to be paid by appellees.